**Adam D. Ford** (4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**MICHELL WOLF LLC**, **37TH & 4TH BROOKLYN LLC**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown,<br><br>Defendants. | **NOTICE OF MOTION**<br><br>**CASE NO.: 20-cv-5857-BMC** |

TO DEFENDANT, 37TH & 4TH BROOKLYN LLC:

NOTICE IS HEREBY GIVEN that on the date and time to be provided by the Court, or as soon thereafter as the matter may be heard, SEMYON GRINBLAT ("Plaintiff"), will present his application under Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of default judgment against 37TH & 4TH BROOKLYN LLC ("Defendant"), as further set forth in the attached proposed default judgment. The application will be made to this Court at the United States District Courthouse, located at 225 Cadman Plaza East, Brooklyn, NY 11201, in a room, the number of which is to be provided by the Court.

1

At the hearing, Plaintiff will show the following:

1. Defendant has failed to appear in this action.

2. Default has been certified against Defendant on January 21, 2021 [Doc. No. 10], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to Plaintiff's complaint.

3. Plaintiff is entitled to judgment in the amount to be shown in Declaration of Attorney's Fees and Costs.

4. Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

5. Defendant is not a minor or an incompetent person.

(the remainder of the page has been intentionally left blank)

This Motion is based on this Notice of Motion, the accompanying declarations, the Memorandum of Law in Support of Default Judgment, exhibits and all of the pleadings and papers on file in this action.

February 3, 2021

Respectfully submitted,

Adam D. Ford, Esq. (4115531)

*Attorney for Plaintiff*
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 3, 2021, I filed the foregoing Notice of Motion with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service Priority Mail, with signature confirmation, postage prepaid:

37TH & 4TH BROOKLYN LLC
C/O The Limited Liability Company
134-01 20TH Avenue
College Point, New York, 11356

(The above address is used for service of process by the New York Department of State. No registered agent is listed in the Corporation & Business Database maintained by that government agency for this Defendant.)

**Adam D. Ford** (4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated, | **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT** |
| Plaintiff, | |
| -against- | |
| **MICHELL WOLF LLC**, **37TH & 4TH BROOKLYN LLC**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown, | **CASE NO.: 20-cv-5857-BMC** |
| Defendants. | |

SEMYON GRINBLAT ("Plaintiff"), by and through his undersigned counsel, moves the Court for default judgment against 37TH & 4TH BROOKLYN LLC ("Defendant"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 55.2(b) of Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. A memorandum in support of the Motion is respectfully submitted below.

## FACTUAL BACKGROUND

1. On December 3, 2020, Plaintiff filed the Complaint in this matter.

1

2. On December 18, 2020, Defendant was properly served with the Summons [Doc. No. 2-1] and Complaint [Doc. No. 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure and pursuant to New York Limited Liability Company Law §303.

3. Proof of service of the Summons and Complaint on Defendant was filed with the Court on January 8, 2021 [Doc. No. 7].

4. The Summons duly informed Defendant that failure to respond to the Complaint would result in default judgment against it for the relief demanded in the Complaint.

5. On December 7, 2020, Plaintiff's counsel sent correspondence to the Civil Rights Bureau [Exhibit 1], in which he notified it of this legal action pursuant to NYS Civil Rights Law §40-d and enclosed a copy of the Complaint [Doc. No. 1]. Proof that the aforementioned correspondence was mailed is attached to this Motion [Exhibit 2].

6. On December 7, 2020, Plaintiff's counsel also sent correspondence to the New York City Commission on Human Rights [Exhibit 3], in which he notified it of this legal action pursuant to NYC Human Rights Law §8-502(c) and enclosed a copy of the Complaint [Doc. No. 1]. Proof that the aforementioned correspondence was mailed is attached to this Motion [Exhibit 4].

7. Under Rule 12(a) of the Federal Rules of Civil Procedure, Defendant was required to plead, or otherwise respond, to the Complaint, by January 8, 2021. With the three-day extension, under *Laina*[1], Defendant was required to plead, or otherwise respond, to the Complaint by January 11, 2021, but Defendant has failed to do so. The time for

---

[1] Under *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, 2012 U.S. Dist. LEXIS 1405, a defendant is entitled to three extra days to plead, or otherwise respond, to the complaint.

Defendant to plead, or respond, to the Complaint has not been extended by any stipulation of the parties, or any order of the Court.

8.  On January 14, 2021, Plaintiff's counsel filed an Application to Clerk for Certificate of Default, together with the Declaration in Support of Application to Clerk for Certificate of Default [Doc. No. 9].

9.  Default has been certified, by the Clerk of Court, against Defendant on January 21, 2021 [Doc. No. 10], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to Plaintiff's Complaint.

10. Although not required by the Federal Rules of Civil Procedure, following filing of an application for Certificate of Default, and in addition to serving Defendant, through the New York Secretary of State, on January 18, 2020, Plaintiff's counsel also sent a courtesy copy of the Application for Certificate of Default, together with exhibits, which included Summons, Complaint and Affidavit of Service, to the Chief Executive Officer of Defendant, at the address, which the New York Secretary of State uses for service of process, if accepted on behalf of the entity. The Corporation & Business Database maintained by the New York Department of State on its website shows no registered agent for Defendant [Exhibit 5]. The aforementioned correspondence was sent by United States Postal Service Priority Mail and is attached to this Motion [Exhibit 6]. In that correspondence, Plaintiff's counsel included a cover letter, containing the information that a request for Certificate of Default was filed, and that once Certificate of Default is issued by the Clerk of the Court, Plaintiff's counsel will move for default judgment. The cover letter also stated that Plaintiff prefers to avoid costly litigation by resolving the matter amicably, and that his ultimate goal is Defendant's compliance with the 2010

3

ADA Standards and accessibility for the disabled. He also invited Defendant to contact him to discuss settlement of this legal matter. Proof that the aforementioned correspondence was mailed is included with this Motion [Exhibit 7]. Defendant ignored that correspondence and failed to contact Plaintiff's counsel.

11. Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

12. Defendant is not a minor or an incompetent person.

13. To date, Defendant has failed to answer, move, or otherwise respond to the Complaint.

## ARGUMENT

Rule 8(b)(6) of the Federal Rules of Civil Procedure states that allegations in a pleading, to which a responsive pleading is required, are deemed admitted, if not denied in a responsive pleading. Defendant has not filed a responsive pleading denying the allegations in the Complaint. Therefore, Plaintiff's allegations are deemed admitted.

The Complaint brings causes of action against Defendant to enjoin unlawful discrimination based on disability. Plaintiff was discriminated against on the basis of disability and denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation owned, leased, or operated by Defendant. This action was brought under the ADA, 42 U.S.C. §12182, §12183 and §12188(a) – incorporating by reference the remedies and procedures found in 42 U.S.C. 2000a-3, §204 of the Civil Rights Act of 1964 – the ADA's Accessibility Guidelines, 28 CFR Part 36, subpart D, the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 CFR Part 1191, appendices B and D, the

4

2010 ADA Standards for Accessible Design ("2010 Standards"), the Building Code of the State of New York, as well as the New York State Civil Rights Law §40-c and §40-d, the New York State Human Rights Law §296 and the New York City Human Rights Laws [Administrative Code] §8-107, as well as all other laws and regulations enumerated in the Complaint. Plaintiff seeks compensatory, statutory and punitive damages, declaratory and injunctive reliefs and rectification of all violations enumerated in the Complaint, attorney's fees and costs against Defendant, as well as such other relief as the Court deems to be just and proper.

Plaintiff's causes of action are supported by the factual allegations contained in the Complaint. Defendant has been duly served with the Summons and Complaint, notified of Plaintiff's intention to move the Court for default judgment and has not filed a responsive pleading denying any of the allegations in the Complaint within the applicable time period. Pursuant to Rule 8(b)(6), the allegations in the Complaint are deemed admitted. This Court may enter judgment by default against Defendant and issue a permanent injunction.

Plaintiff requests that the Court order injunctive relief similar to that ordered in *Shariff v. Beach 90th Street Realty Corp.*, 2013 WL 6835157, (2nd Cir., EDNY), because of the substantial similarity of circumstances. In the present matter, Plaintiff also alleges violations of the same laws and violations are also similar. As in *Shariff*, Defendant failed to plead, or otherwise defend the action, and the Clerk subsequently entered a certificate of default. *See* also *Shariff v. Alsaydi*, 2013 WL 4432218, (2nd Cir., EDNY) and *Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429 (2nd Cir., EDNY) (The Court granted Plaintiff's motions for default judgment, issued injunctive relief to remedy violations of the ADA and New York laws and awarded statutory damages and costs in both cases. Attorney's fees were awarded in *Shariff v. Alsaydi*, but denied, absent evidentiary support, in *Shalto*, in which the Court, nevertheless, allowed Plaintiff leave to

5

refile the motion with proper evidentiary support.) For the above reasons, Plaintiff respectfully requests the Court to order injunctive relief similar to that ordered in the aforementioned cases. Plaintiff requests the Court to issue an injunction ordering Defendant to (1) submit to Plaintiff's counsel an architectural plan that remedies the violations identified in the Complaint within 60 days of the filing of the proof of service and Memorandum and Order; (2) within 30 days from receipt of Defendant's plans, Plaintiff shall consent to it, or seek further relief from the Court; and (3) Defendant will make any necessary alterations within 60 days of Plaintiff's consent, or subsequent Order of this Court.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff hereby respectfully requests judgment against Defendant and that this Court grant the following relief:

A.    Certify this case as a class action;

B.    Grant a permanent injunction:

    i.) Enjoining Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring Defendant to alter its Subject Facility (as defined in the Complaint [Doc. No. 1]) to make it readily accessible to, and usable for, individuals with disabilities;

    iii.) Compelling Defendant to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

6

iv.) Ordering Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws; and

v.) Ordering Defendant to make the Subject Facility readily accessible to and usable by individuals with disabilities.

C.   Enter declaratory judgment specifying Defendant's violations of the ADA, the New York State Civil Laws, the New York State Human Rights Laws and the New York City Human Rights Laws and declare the rights of Plaintiff, and other persons similarly situated, as to Defendant's policies, procedures, facilities, goods and services offered to the public;

D.   Enter declaratory judgment specifying that the Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Laws and the New York City Human Rights laws;

E.   Enter an order requiring Defendant to alter its facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights laws;

7

F.    Hold Defendant liable for $500 in statutory monetary damages for each violation and award that sum to Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

G.    Hold Defendant liable for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law.

H.    Hold Defendant liable for punitive damages for its violation of the New York City Human Rights Law.

I.     Find Defendant guilty of class A misdemeanor pursuant to the New York State Civil Rights Law §40-d;

J.     Retain its jurisdiction over Defendant until its unlawful practices, acts and omissions no longer exist;

K.    Find that Plaintiff is a prevailing party in this litigation and award attorney's fees, expert fees, costs and expenses, together with such other and further relief at law, or in equity, to which Plaintiff, and other persons similarly situated, may be entitled, in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of Judgment and Order of Permanent Injunction; and

L.    Award such other and further relief as it deems necessary, just and proper.


Executed on February 3, 2021


Adam D. Ford, Esq. (4115531)

*Attorney for Plaintiff*
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 3, 2021, I filed the foregoing Motion and Memorandum of Law in Support of Default Judgment with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date, I also served the following, via United States Postal Service Priority Mail, with signature confirmation, postage prepaid:

37TH & 4TH BROOKLYN LLC
C/O The Limited Liability Company
134-01 20TH Avenue
College Point, New York, 11356

(The above address is used for service of process by the New York Department of State. No registered agent is listed in the Corporation & Business Database maintained by that government agency for this Defendant.)

**Adam D. Ford** (4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**MICHELL WOLF LLC**, 37TH & 4TH **BROOKLYN LLC, JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown,<br><br>Defendants. | **DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br><br><br>**CASE NO.: 20-cv-5857-BMC** |

I, Adam D. Ford, declare as follows:

1. I am the attorney for SEMYON GRINBLAT ("Plaintiff"), in the above-referenced action.

2. On December 3, 2020, Plaintiff filed the Complaint in this matter.

3. On December 18, 2020, Defendant was properly served with the Summons [Doc. No. 2-1] and Complaint [Doc. No. 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure, and pursuant to New York Limited Liability Company Law §303.

4. Proof of service of the Summons and Complaint on Defendant was filed with the Court on January 8, 2021 [Doc. No. 7].

5. The Summons duly informed Defendant that failure to respond to the Complaint would result in default judgment for the relief demanded in the Complaint.

6. Defendant has failed to serve and file an answer, or otherwise respond, to the Complaint.

7. The applicable time limit for responding to the Complaint has now expired. Under Rule 12(a) of the Federal Rules of Civil Procedure, Defendant was required to plead, or otherwise respond, to the Complaint, by January 8, 2021. With the three-day extension, under *Laina*[1], Defendant was required to plead, or otherwise respond, to the Complaint, by January 11, 2021, but Defendant has failed to do so. The time for Defendant to plead, or respond, to the Complaint has not been extended by any stipulation of the parties, or any order of the Court.

8. On January 14, 2021, Plaintiff's counsel filed Application to Clerk for Certificate of Default, together with the Declaration in Support of Application to Clerk for Certificate of Default [Doc. No. 9].

9. Default has been certified against Defendant on January 21, 2021 [Doc. No. 10], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to Plaintiff's Complaint.

10. Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

11. Defendant is not a minor or an incompetent person.

---

[1] Under *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, 2012 U.S. Dist. LEXIS 1405, a defendant is entitled to three extra days to plead, or otherwise respond, to the complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2021

Adam D. Ford, Esq. (4115531)

*Attorney for Plaintiff*
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 3, 2021, I filed the foregoing Declaration in Support of Motion for Default Judgment with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date, I also served the following, via United States Postal Service Priority Mail, with signature confirmation, postage prepaid:

37TH & 4TH BROOKLYN LLC
C/O The Limited Liability Company
134-01 20TH Avenue
College Point, New York, 11356

(The above address is used for service of process by the New York Department of State. No registered agent is listed in the Corporation & Business Database maintained by that government agency for this Defendant.)

4

**Adam D. Ford** (4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>-against-<br><br>**MICHELL WOLF LLC**, **37TH & 4TH BROOKLYN LLC**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown,<br><br>                Defendants. | **DECLARATION REGARDING MILITARY STATUS OF DEFAULTING PARTY**<br><br><br><br>**CASE NO.: 20-cv-5857-BMC** |

I, Adam D. Ford, declare as follows:

1. I am the attorney for SEMYON GRINBLAT ("Plaintiff") in the above-referenced action. I am making this declaration pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940.

2. Defendant is a legal entity, specifically a corporation, rather than a natural person, and is, therefore, not a member of the military service.

3. Defendant is not a minor or an incompetent person.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 3, 2021



Adam D. Ford, Esq. (4115531)

*Attorney for Plaintiff*
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 3, 2021, I filed the foregoing Declaration Regarding Military Status of Defaulting Party with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following via United States Postal Service Priority Mail, with signature confirmation, postage prepaid:

37TH & 4TH BROOKLYN LLC
C/O The Limited Liability Company
134-01 20TH Avenue
College Point, New York, 11356

(The above address is used for service of process by the New York Department of State. No registered agent is listed in the Corporation & Business Database maintained by that government agency for this Defendant.)

**Adam D. Ford** (4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (213) 915-4291
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiff,<br><br>            -against-<br><br>**MICHELL WOLF LLC**, **37TH & 4TH BROOKLYN LLC**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown,<br><br>                                   Defendants. | **JUDGMENT AND ORDER OF PERMANENT INJUNCTION**<br><br><br><br><br><br>**CASE NO.: 20-cv-5857-BMC** |

On _____ the Court considered the application of SEMYON GRINBLAT ("Plaintiff") for entry of default judgment and permanent injunction against 37TH & 4TH BROOKLYN LLC ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

After considering the papers submitted in support of, and in opposition to, the Motion and the papers on file in this action, the Court finds as follows:

1.  Defendant has failed to appear in this action by timely pleading, or responding to, or otherwise defending against, the Complaint in this action after being properly served with that Complaint. Accordingly, the clerk certified a default against Defendant, under Rule 55(a) of the Federal Rules of Civil Procedure, on January 21, 2021.

1

2. Defendant is not a minor, nor an incompetent person, nor a current member of the military service.

3. Plaintiff has established that Defendant is liable to Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs.

4. Plaintiff has further established that permanent injunction must be issued for the reasons enumerated below.

    a. Defendant owns, and/or leases, and/or operates, and/or has control over, the Subject Facility (as defined in the Complaint [Doc. No. 1]), which is a restaurant. It is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(B) and 28 CFR §36.104 Place of public accommodation (2), New York State Human Rights Law §292(9) and New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4).

    b. Defendant, at all relevant times, was an owner, and/or leased, and/or leased to, and/or managed, and/or had control over, and/or operated, and/or designed, and/or constructed, and/or built, and/or maintained, and/or altered the Subject Facility, which includes the parking lot adjacent to the restaurant, which is operated by Defendant under the name McDonald's and is located at 968 Fourth Avenue, Brooklyn, NY 11232.

    c. The Subject Facility contains multiple barriers to access by individuals with disabilities in violation of the Americans with Disabilities Act, and they constitute discrimination under 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107.

2

5.  The specific barriers to access present at the Subject Facility are enumerated in Plaintiff's Complaint.

6.  These barriers to access the Subject Facility violate 42 U.S.C. §12183(a)(1) and §12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to the Plaintiff and other individuals with disabilities.

7.  Plaintiff is an individual with a disability, who uses a wheelchair and who has suffered an injury-in-fact. He will be injured in the future, if the barriers to access the Subject Facility are not removed.


**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered against Defendant as follows:

A.  A permanent injunction is granted

    i.)  Enjoining Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.)  Requiring Defendant to alter its Subject Facility to make it readily accessible to, and usable for, individuals with disabilities;

    iii.)  Compelling Defendant to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

    iv.)  Ordering Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned,

3

operated, maintained, or leased, by Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

v.) Ordering Defendant to make the Subject Facility readily accessible to and usable by individuals with disabilities;

M.    The Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

N.    Defendant will alter its facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

O.    Defendant is liable to Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

P.    Defendant is liable to Plaintiff for punitive damages in the amount of $10,000 for its violation of the New York City Human Rights Law;

Q.    Defendant is liable to Plaintiff for $500 in statutory damages for each violation and that sum is awarded to Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

R.    Defendant is guilty of class A misdemeanor pursuant to the New York State Civil Rights Law §40-d;

S.    Jurisdiction is retained over Defendant until its unlawful practices, acts and omissions no longer exist;

T.    Plaintiff is a prevailing party in this litigation and is awarded attorney's fees and costs in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of this Order;

U.    Defendant will rectify all of the violations of the ADA, which were enumerated in the Complaint, and take the following actions:

i.) submit to Plaintiff's counsel an architectural plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

ii.) within 30 days from receipt of Defendant's plans, Plaintiff shall consent to it, or seek further relief from the Court; and

5

iii.) Defendant will make any necessary alterations within 60 days of Plaintiff's consent, or subsequent Order of this Court.

IT IS SO ORDERED.

Signed: _____, 2021

Brian M. Cogan
United States District Judge

# **<u>EXHIBIT 1</u>**



ATTORNEYS AT LAW

December 6, 2020

Civil Rights Bureau
28 Liberty Street
New York, NY 10005

By USPS Priority Mail. Tracking Number: 9405511899564202308759

RE:    SEMYON GRINBLAT, individually and on behalf of all others similarly situated v. MICHELL
       WOLF LLC, 37TH & 4TH BROOKLYN LLC, JOHN DOE 1-X, persons yet unknown,
       Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

       Case No.: 20-cv-05857-BMC

Dear Sir or Madam:

The purpose of this correspondence is to notify your office, pursuant to NYC Human Rights Law
§8-502(c), that my law firm filed the above-captioned legal action on behalf of my client, Semyon
Grinblat, in the federal court for the Eastern District of New York on December 3, 2020. The
lawsuit stems from discrimination of my client by the defendants, on the basis of disability, in
violation of the Americans with Disabilities Act, 42 U.S.C. §12182, §12183 and §12188(a), NYS
Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights
Laws [Administrative Code] §8-107. Enclosed please find a copy of the complaint.

Please contact me should you have any questions, or concerns.

Respectfully,

Adam Ford
Ford & Huff LC

Enclosure

**Adam D. Ford**                                   adam.ford@fordhufflaw.com
228 Park Avenue South                                        (213) 915-4291
New York, New York 10003                                www.fordhufflaw.com

# EXHIBIT 2

# Receipt

Print Date: Feb 01, 2021

**RETURN TO**

Ford & Huff LC

228 Park Avenue South

New York, NY 10003

**SHIP TO**

Civil Rights Bureau

28 Liberty Street

New York, NY 10005 US

**REFERENCE**

| | |
|---|---|
| Ship Date: | Dec 07, 2020 |
| Ship from ZIP: | 10003 |
| Weight: | 1 lbs. 0 oz. |
| User: | fordhuff |
| Cost Code: | <None> |
| Refund Type: | E-refund |
| Reference #: | |
| Printed on: | Shipping label |
| Tracking #: | 9405511899564202308759 |
| Carrier Acceptance Date: | Dec 07, 2020 |

| SERVICE | UNIT PRICE |
|---|---|
| Priority Mail ® Large Envelope/Flat | $7.42 |
| Tracking | $0.00 |
| Insurance (N/A) | |
| Electronic Service Fee | $0.00 |
| | |
| Subtotal | $8.82 |
| Label Quantity | 1 |
| Total Cost | $8.82 |

# EXHIBIT 3



FORD & HUFF LC
ATTORNEYS AT LAW

December 4, 2020

Damion K. L. Stodola
General Counsel
NYC Commission on Human Rights
22 Reade Street, 2nd Floor
New York, NY 10007

By USPS Priority Mail. Tracking Number: 9405511899564202051808

RE:    SEMYON GRINBLAT, individually and on behalf of all others similarly situated v. MICHELL
       WOLF LLC, 37TH & 4TH BROOKLYN LLC, JOHN DOE 1-X, persons yet unknown, Limited
       Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

       Case No.: 20-cv-05857-BMC

Dear Mr. Stodola:

The purpose of this correspondence is to notify your office, pursuant to NYC Human Rights Law
§8-502(c), that my law firm filed the above-captioned legal action on behalf of my client, Semyon
Grinblat, in the federal court for the Eastern District of New York on December 3, 2020. The
lawsuit stems from discrimination of my client by the defendants, on the basis of disability, in
violation of the Americans with Disabilities Act, 42 U.S.C. §12182, §12183 and §12188(a), NYS
Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights
Laws [Administrative Code] §8-107. Enclosed please find a copy of the complaint.

Please contact me should you have any questions, or concerns.

Respectfully,

Adam Ford
Ford & Huff LC

Enclosure

**Adam D. Ford**                                    **adam.ford@fordhufflaw.com**
228 Park Avenue South                                          (213) 915-4291
New York, New York 10003                               www.fordhufflaw.com

# **<u>EXHIBIT 4</u>**

# Receipt

Print Date: Feb 01, 2021

## RETURN TO

Ford & Huff LC

228 Park Avenue South

New York, NY 10003

## SHIP TO

Damion K. L. Stodola

22 Reade Street Floor 2nd

New York, NY 10007 US

## REFERENCE

| | |
|---|---|
| Ship Date: | Dec 07, 2020 |
| Ship from ZIP: | 10003 |
| Weight: | 0 lbs. 10 oz. |
| User: | fordhuff |
| Cost Code: | <None> |
| Refund Type: | E-refund |
| Reference #: | |
| Printed on: | Shipping label |
| Tracking #: | 9405511899564202051808 |
| Carrier Acceptance Date: | Dec 07, 2020 |

| SERVICE | UNIT PRICE |
|---|---|
| Priority Mail ® Large Envelope/Flat | $7.42 |
| Tracking | $0.00 |
| Insurance (N/A) | |
| Electronic Service Fee | $0.00 |
| | |
| Subtotal | $8.82 |
| Label Quantity | 1 |
| Total Cost | $8.82 |

# **EXHIBIT 5**

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through November 13, 2020.

Selected Entity Name: 37TH & 4TH BROOKLYN LLC
Selected Entity Status Information

**Current Entity Name:** 37TH & 4TH BROOKLYN LLC

**DOS ID #:** 4722353

**Initial DOS Filing Date:** MARCH 09, 2015

**County:** KINGS

**Jurisdiction:** NEW YORK

**Entity Type:** DOMESTIC LIMITED LIABILITY COMPANY

**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

THE LIMITED LIABILITY COMPANY
134-01 20TH AVE
COLLEGE POINT, NEW YORK, 11356

**Registered Agent**

NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address(es) of the original members, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|

No Information Available

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| MAR 09, 2015 | Actual | 37TH & 4TH BROOKLYN LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

# **EXHIBIT 6**



January 15, 2021

37th & 4th Brooklyn LLC
C/O The Limited Liability Company
134-01 20th Avenue
College Point, New York, 11356

RE:    SEMYON GRINBLAT, individually and on behalf of all others similarly situated v. MICHELL
       WOLF LLC, 37TH & 4TH BROOKLYN LLC, JOHN DOE 1-X, persons yet unknown, Limited
       Liability Companies, Partnerships, Corporations 1-X, entities yet unknown

       Case No.: 20-cv-5858

By USPS Priority Mail | Tracking Number: 9405511699000132965836

Dear Sir or Madam:

Please be advised that my law firm filed the above-entitled legal action on behalf of my client,
Semyon Grinblat, in the federal court for the Eastern District of New York on December 3, 2020.
The lawsuit stems from the discrimination of my client by the defendants on the basis of
disability in violation of the Americans with Disabilities Act (the "ADA") as outlined in the filed
complaint.

Under the Federal Rules of Civil Procedure, Rule 12(a), you were required to plead, or otherwise
respond, to the complaint, by January 11, 2021—a date which includes your entitled extension.
However, because you failed to plead, or otherwise respond, to the complaint, I have filed an
application for a certificate of default with the Clerk for the United States District Court for the
Eastern District of New York.

Enclosed please find courtesy copies of the summons and complaint, which have been served
on the New York Secretary of State. Notices of this litigation and copies of the aforementioned
documents were also delivered to the New York City Commission on Human Rights and the
New York State Civil Rights Bureau. Also enclosed are copies of the affidavit of service and
application to the clerk for a certificate of default.

My client's ultimate goal is that the defendants remediate their ADA violations, bring their
property into full compliance with the ADA and other aforementioned laws, and provide

**Adam D. Ford**                                                    adam.ford@fordhufflaw.com
228 Park Avenue South                                                        (213) 915-4291
New York, New York 10003                                                www.fordhufflaw.com

Case No.: 20-cv-5858 | Certificate of Default
Page 2 of 2

compensation for attorneys' fees, expenses, and costs. My client wants to avoid prolonged, costly litigation and, to that end, looks forward to reaching a swift, amicable resolution of this matter.

Please contact me if you have questions, concerns, or desire to discuss settlement of this matter.

Best regards,

Adam Ford
Ford & Huff LC

# **EXHIBIT 7**

# Receipt

Print Date: Feb 02, 2021

## RETURN TO

Adam Ford

228 Park Ave S

New York, NY 10003

## SHIP TO

37th & 4th Brooklyn LLC

13401 20th Avenue

College Point, NY 11356 US

## REFERENCE

| | |
|---|---|
| Ship Date: | Jan 19, 2021 |
| Ship from ZIP: | 10003 |
| Weight: | 0 lbs. 5 oz. |
| User: | fordhufflaw |
| Cost Code: | <None> |
| Refund Type: | E-refund |
| Reference #: | |
| Printed on: | Shipping label |
| Tracking #: | 9405511699000132967953 |
| Carrier Acceptance Date: | Jan 21, 2021 |

| SERVICE | UNIT PRICE |
|---|---|
| Priority Mail ® Large Envelope/Flat | $7.02 |
| Tracking | $0.00 |
| Insurance (N/A) | |
| Electronic Service Fee | $0.00 |
| | |
| Subtotal | $7.02 |
| Label Quantity | 1 |
| Total Cost | $7.02 |