```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SEMYON GRINBLAT,                                            :
                                                            :
                                       Plaintiff,           :
                                                            :
              - against -                                   :
                                                            :
MICHELL WOLF LLC, and 37TH & 4TH                            :
BROOKLYN, LLC                                               :
                                                            :
                                       Defendants.          :
----------------------------------------------------------- X
```

**MEMORANDUM DECISION AND ORDER**

20-cv-5857 (BMC)

**COGAN**, District Judge.

Plaintiff brought this putative class action under Title III of the Americans with Disabilities Act ("ADA") and corresponding provisions of state law, contending that defendants, the lessee and landlord of a McDonald's franchise in Brooklyn, respectively, maintained illegal barriers to access. Two months after commencement of this action, plaintiff died. Defendants notified the Court of his demise, and I directed plaintiff's counsel to show cause why the case should not be dismissed as moot. Plaintiff's counsel responded with a request for a stay pursuant to Federal Rule of Civil Procedure 25(a) so that an estate representative could be appointed and substituted in, or, alternatively, counsel could find a new plaintiff to carry the action forward.

Rule 25(a) has no application to this situation. By its terms, substitution can be made only if a party dies "and the claim is not extinguished." Title III ADA claims become moot when the plaintiff dies because the only relief available is injunctive relief, and injunctive relief cannot benefit a deceased plaintiff. See, e.g., Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308, 312 (5th Cir. 1997) (ADA claim under Title III does not survive plaintiff's death); Gershanow v. Cty. of Rockland, No. 11-CV-8174, 2014 WL 1099821, at *4 (S.D.N.Y. Mar. 20,

2014) (same); Kahn v. NYU Med. Ctr., No. 06 CIV. 13455, 2007 WL 2000072, at *5 (S.D.N.Y. July 10, 2007), aff'd, 328 F. App'x 758 (2d Cir. 2009) (same). Plaintiff does not contend otherwise. It is self-evident that an estate representative cannot substitute in to prosecute an extinguished claim.

Alternatively, plaintiff's counsel seeks a 90 day stay to find a new plaintiff who could appear as a class representative and assert his own ADA claim. The cases counsel relies on for this request are inapposite – they are either post-class certification cases, or not brought under the ADA, or both. See Marisol A. v. Giuliani, No. 95 CIV. 10533, 1998 WL 265123 (S.D.N.Y. May 22, 1998); Diduck v. Kaszycki & Sons Contractors, Inc., 147 F.R.D. 60 (S.D.N.Y. 1993). This is important because Title III ADA cases against a single franchisee are particularly poor candidates for class certification and thus successful class certification motions in this Circuit in cases like this are few and far between. If an individual plaintiff obtains injunctive relief, all others similarly situated benefit from that relief without the difficulty, expense, and time-consuming machinery of a class action. Indeed, it is no coincidence that out of 21 cases that plaintiff's counsel has filed in this district on behalf of the deceased plaintiff since 2018, I cannot find even one where counsel filed a class certification motion.[1] Counsel's attempt to prolong this case because it's a putative class action is not genuine.

In addition, if plaintiff's counsel finds another disabled plaintiff who has been denied access to this particular McDonald's, nothing prevents that plaintiff from bringing a new action.

---

[1] In fact, the late plaintiff appeared in 27 other cases in this district since 2018. In those other cases, he was represented by his brother. I haven't looked at all of them, but I doubt there was a class certification motion filed in any of them.

2

Plaintiff's ADA claim is dismissed as moot. Since this case is brand new, I decline to exercise supplemental jurisdiction over plaintiff's state and city law claims, and those claims are dismissed without prejudice to reassert them in state court. See 28 U.S.C. § 1367.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 8, 2021